Shauck, J.
The findings of fact made by the court below are not to be reviewed here. The cases are thought to be entitled to report only upon the question arising out of the fact, established in both cases, that the traffic was carried on in violation of ordinances -passed by the municipal authorities forbidding the traffic. The provision of the statute for the assessment in question is found in section 4364-9 of the Revised Statutes. Without exception or limitation it provides for the assessment “upon the business of trafficking.” The only limitations upon the terms of the statute are found in the eleventh subdivision of the same section which provides for the remission of a portion of the assessment when the person against whom it is made voluntarily discontinues the business, and in the twentieth sub-division which provides for such' remission when there is a compulsory discontinuance of the business resulting from the exercise by municipal corporations of the power of prohibiting the traffic, which power is therein conferred. The reliance of counsel for the plaintiff in error is iipon this provision which is: “If any municipal corporation shall prohibit * * * places where intoxicating liquors are sold within the limits of such corporation, a ratable portion of the tax paid by the proprietors thereof for the unexpired portion of the year shall be returned to such proprietors.”
The question presented has not been determined by the lexicographers. Although these municipalities have by ordinance forbidden the traffic, they have not prevented it. But the historical development of our legislative policy upon the subject and the terms employed in the present statute indicate the sense in which the word “prohibit” is used in this section. For nearly half a century prior to the enactment of the present statute, a statute had forbidden throughout *54 the state the sale of intoxicating liquors to be drank upon the premises where sold. During this time the forbidden, traffic grew much beyond the general growth of the state. It was, therefore, most obvious when the present statute was enacted that to make the traffic unlawful does not necessarily prevent it. A leading object of the present statute was to secure to the state the benefit of its experience. Accordingly by the first section the traffic is assessed in terms which admit of no exception. Full effect will be given to all the provisions of the statute if the word “prohibit” in the provision relied upon by counsel for plaintiffs in error is regarded as having its appropriate meaning of preventing. The object of the particular provision was to provide for an equitable remission of a portion of the assessment if the municipal authorities should exercise the power of passing an ordinance forbidding the places and also the power of enforcing the ordinance. The natural force of the language employed in this section is not inconsistent with that of the section which requires the traffic to be assessed wherever it may be carried on. We should not assume that the legislature intended to offer,a reward for the violation of local inhibitions in those numerous portions of the state where sentiment against the traffic is strong enough to secure their adoption, but conviction is not strong enough to secure their enforcement.

Judgments affirmed.

Minshall, C. J., Burket, Speak and Davis, JJ., concur.